TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00737-CV







Marilyn Roth, Individually and as Trustee for Maufrais Land Trust, Appellant


v.


All in One Foundation Repair, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN201074, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING




 

O R D E R

PER CURIAM

 Appellant Marilyn Roth, Individually and as Trustee for Maufrais Land Trust filed
with this Court a motion to extend time for filing a notice of appeal. According to appellant's
motion, the trial court granted appellee's summary judgment motion and rendered judgment on
August 19, 2002. Appellant claims she did not receive notice of the judgment until October 11,
2002. She filed a motion for new trial on October 14, more than thirty days after the rendition of
judgment. See Tex. R. Civ. P. 329b. The trial court held a hearing on the new trial motion on
October 29 and November 1. On November 13, the court signed an order denying the motion for
new trial. Appellant filed her notice of appeal on December 2.

 Rule 306a of the rules of civil procedure provides that if within twenty days after a
judgment is signed, a party adversely affected by it has neither received the required notice nor
acquired actual knowledge of the judgment, then appellate deadlines shall begin to run from the date
that such party received notice or acquired actual knowledge of the rendition of judgment. Tex. R.
Civ. P. 306a(4); see also Tex. R. App. P. 4.2(a). In order to establish the application of the rule, the
adversely affected party must prove in the trial court on sworn motion and notice the date on which
the party or her attorney first received notice of the judgment or acquired actual knowledge of it and
that this date was more than twenty days after it was signed. Tex. R. Civ. P. 306a(5); Tex. R. App.
P. 4.2(b). After hearing the motion, the trial court must sign a written order that finds the date when
the party first received notice or acquired actual knowledge of the signing of the judgment. Tex. R.
App. P. 4.2(c).

 Appellant has not presented to this Court any finding by the trial court reflecting the
date that appellant received notice or acquired actual knowledge of the judgment. Therefore, we will
abate this appeal to provide an opportunity to file with the trial court the appropriate motion and
obtain the requisite findings from that court. The findings must be furnished to this Court by January
13, 2003.

 It is ordered December 12, 2002.


Before Justices Kidd, B.A. Smith and Yeakel

Do Not Publish